In re John Richard SULLIVAN, Debtor.

A.M. MANCUSO, Trustee, Plaintiff,

v.

John R. SULLIVAN, Defendant.

FEDERAL DEPOSIT INSURANCE COR-PORATION as Receiver of Silverado Banking, Savings and Loan Associa-tion, Resolution Trust Corporation as Receiver of Sandia Federal Savings As-sociation, and The Sullivan Plan Com-mittee, Plaintiffs,

v.

John R. SULLIVAN, Defendant.

Bankruptcy No. 391–32099–HCA–11.
Adv. Nos. 392–3070, 392–3075.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

April 1, 1993.

Michael L. Geller, Dallas, TX, Robert J. D'Agostino, Norton & D'Agostino, Atlanta, GA, for John R. Sullivan.

Kenneth Stohner, Jr., Jackson & Walker, Dallas, TX, for the Sullivan Plan Committee.

Ray Urbanik, Munsch, Hardt, Kopf, Harr & Dinan, Dallas, TX, for A.M. Mancuso, trustee.

Robert G. Richardson, Hutcheson & Grundy, L.L.P., Dallas, TX, for FDIC as Receiver of Silverado Banking, Sav. and Loan Ass'n and RTC as Receiver of Sandia Federal Sav. Ass'n.

## *MEMORANDUM OPINION ON DE-FENDANT'S MOTIONS FOR SUMMARY JUDGMENT*

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing on the 24th day of February, 1993, the motions of postconfirmation debtor John R. Sullivan ("Sullivan") for summary judgment ("Motions") in the above-captioned adversary proceedings ("Adversaries").[1] The Adversaries seek to deny Sullivan a discharge under 11 U.S.C. §§ 1141 and 727. Sullivan's Motions, which are practically identical in the respective Adversaries, seek a determination by this Court that, because Sullivan negates at least one of the prongs of 11 U.S.C. § 1141(d)(3), Sullivan is entitled to a discharge.

This Court has jurisdiction over the Motions pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J) and 11 U.S.C. §§ 1141 and 727.

The Court concludes, according to the analysis described *infra*, that the Motions should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

*Litigation prior to the Motions*

Sullivan, a real estate developer and investor, filed his individual Chapter 11 petition in 1991. On March 13, 1992, this Court confirmed the Trustee's Second Amended Plan of Reorganization as modified by the Trustee's Revised Second

Amended Modifications ("Plan"). The Plan was heavily negotiated and ultimately consensual. Trustee A.M. Mancuso, who had been appointed in the Chapter 11 case, continued to serve as postconfirmation trustee.

The Plan "contemplate[d], generally, liquidation of the Assets for the benefit of the Creditors," Plan art. 2, and contained the following language ("Section 9.1") regarding Sullivan's discharge:

The Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings. The Trustee has commenced an action under Bankruptcy Code § 727. *See A.M. Mancuso, Trustee v. John R. Sullivan,* Adversary Number 392–3070. Confirmation of the Plan (including the provisions of this section 9.1 of the Plan) will be without prejudice to the Debtor asserting his position (with which certain plaintiffs in pending § 727 actions [hereinafter the "Plaintiffs"] disagree) in any pending § 727 actions or in the bankruptcy case after confirmation of the Plan that (i) the provisions of Bankruptcy Code § 1141(d)(3) are applicable and (ii) that § 1141(d)(3) does not prevent the Debtor from obtaining a discharge under the Bankruptcy Code, and shall be without prejudice to the Plaintiffs to assert that the Debtor's potential and/or anticipated Bankruptcy Code § 1141(d)(3) arguments are precluded, irrelevant, and/or incorrect pursuant to the Plan, including the provisions of this Section 9.1, and the Bankruptcy Code provisions including, without limitation, Bankruptcy Code § 1141(d)(1). Notwithstanding the pendency of such issues concerning the Debtor's discharge, the Court shall confirm the Plan ...; and the Court ... shall in the order of confirmation sever all discharge actions, which shall remain pending.... Generally speaking, the grounds alleged by the Trustee as bases for relief under § 727(a) include the transfers of property with the intention to delay, hinder or defraud creditors of the Estate and the Trustee

---

1. The Adversaries have been consolidated for purposes of discovery and trial by order of this Court entered February 5, 1993.

...; the making of a false oath with respect to assets of the Estate ...; and the failure to explain the loss of certain assets.

The Trustee envisions that any actions objecting to or issues relating to the Debtor's discharge which may be pending as of the commencement of the hearing on confirmation of the Trustee's Plan shall not be tried in connection with or as a condition of confirmation or the entry of a final order confirming the Trustee's Plan.

The Plan Committee shall have the right to intervene in any creditor's proceeding under Bankruptcy Code § 727 (but shall not, as a result hereof, have the right to intervene in the Trustee's § 727 proceeding).

As of the confirmation date, three adversary complaints had been filed, each entitled "Complaint Objecting to Discharge Pursuant to 11 U.S.C. §§ 727 and 1141":

(1) *A.M. Mancuso, Trustee v. John R. Sullivan,* No. 392–3070, filed February 12, 1992.

(2) *Federal Deposit Insurance Corporation as Receiver of Silverado Banking, Savings and Loan Association and Resolution Trust Corporation as Receiver of Sandia Federal Savings Association v. John Richard Sullivan,* No. 392–3075, filed February 13, 1992.[2]

(3) *NCNB Texas National Bank and Guaranty Federal Savings Bank v. John R. Sullivan,* No. 392–3074, filed February 13, 1992.

The complaints in adversaries (1) and (2) above (the Adversaries in which the Motions are pending) alleged that various subsections of 11 U.S.C. § 727(a) were applicable to Sullivan's Chapter 11 case by virtue of 11 U.S.C. § 1141. The complaint in adversary (3) alleged that "the Debtor would not be entitled to a discharge under § 1141(d)(3) of the Code under [the Plan]. The provisions of § 1141(d)(3) are not available to the Debtor under the facts of this case."

On April 30, 1992, Sullivan filed identical motions for partial summary judgment in the three adversaries listed *supra.* The motions sought two separate determinations from the Court: (1) "that the Plaintiffs' objections to the grant of a discharge to the Debtor fail because they do not meet the requirements of 11 U.S.C. § 1141(d)(3)(A)," and (2) an identical determination with respect to § 1141(d)(3)(B). On August 13, 1992, the Court entered its Supplemental Findings and Order on Defendant's Motion for Partial Summary Judgment and Supplement Thereto ("Order"), in which the Court found that Sullivan's partial summary judgment motions sought only an order allowing Sullivan to *assert his position* that § 1141(d)(3) could protect his right to a discharge. The Court held:

[I]rrespective of the granting hereinafter of the permission [to] the Defendant to assert his position [with regard to § 1141(d)], the Court reserves the right to summarily dismiss the Motion, if it is found to be contrary to the provisions of 11 U.S.C. § 1141(d)(1) and (3), to wit, that Section 1141(d)(1) speaks to when a debtor gets a discharge, and Section 1141(d)(3) speaks to when a debtor does not get a discharge; it is therefore

ORDERED that the Motion for Partial Summary Judgment as Supplemented be, and it is hereby GRANTED insofar as it seeks a determination pursuant to Section 9.1 of the Confirmed Plan that the Defendant may assert his position in these pending actions under 11 U.S.C. § 727, or in the main case that the provisions of 11 U.S.C. § 1141(d)(3) are applicable.

ORDERED that the Motion of the Defendant be, and it is hereby GRANTED in part, but DENIED to the extent that the Court does not grant carte blanche approval to the argument of the asserted position of the Defendant, if it appears to the Court from the face of such motion that it seeks relief absolutely contrary to the provisions of 11 U.S.C. 1141(d)(1) and (3)....

---

**2.** The Sullivan Plan Committee later intervened in this adversary as a party plaintiff.

*The present Motions for summary judgment*

On December 23, 1992, Sullivan filed his Motions for summary judgment in the Adversaries [adversaries (1) and (2) above]. The Motions seek summary judgment in Sullivan's favor under two alternative theories.[3] The first theory is that "[u]nder the Plan as consummated, Defendant will continue to engage in business. Accordingly, and on this basis alone, Defendant is entitled to a discharge." The second theory is that "[u]nder the Plan as consummated, Defendant's plan has not provided for the liquidation of all or substantially all of the property of the estate. Accordingly, and on this basis alone, Defendant is entitled to a discharge." Sullivan cites the conjunctive provisions of 11 U.S.C. § 1141(d)(3):

> The confirmation of a plan does not discharge a debtor if—
>
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (B) the debtor does not engage in business after consummation of the plan; and
>
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

Sullivan argues that § 1141(d)(3) is the only mechanism for denial of discharge to individual Chapter 11 debtors, and that a plaintiff must prove all three prongs of § 1141(d)(3). Therefore, Sullivan's negation of any one of those prongs must mean Sullivan is entitled to a discharge.

The four plaintiffs in the Adversaries (FDIC, RTC, trustee Mancuso, and the Sullivan Plan Committee, hereinafter referred to as "Plaintiffs") reply that a discharge may only be granted in a Chapter 11 case under the provisions of 11 U.S.C. § 1141(d)(1):

> Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan ... discharges the debtor from any

debt that arose before the date of such confirmation. . . .

Even if a discharge cannot be *denied* under § 1141(d)(3), argue Plaintiffs, a discharge still cannot be *granted* unless § 1141(d)(1) is satisfied. The Court has concurred with this reading in its Order of August 13, 1992 ("Section 1141(d)(1) speaks to when a debtor gets a discharge, and Section 1141(d)(3) speaks to when a debtor does not get a discharge"). Plaintiffs go on to interpret § 1141(d)(1) to mean that a Chapter 11 debtor's discharge may be denied or abridged in three situations:

(a) When "otherwise provided in this subsection," *e.g.*, when a creditor prevails in a § 523 action or when the three requirements of § 1141(d)(3) are met.

(b) When "otherwise provided in the plan."

(c) When "otherwise provided in the order confirming the plan."

Plaintiffs believe that situation (b) precludes Sullivan's discharge until the Section 727 proceedings are resolved because Section 9.1 of the Plan provides, "The Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings." In other words, even if Plaintiffs could not prove the requirements of § 1141(d)(3), Sullivan's discharge could be denied under § 1141(d)(1), as "otherwise provided in the plan," if he does not "prevail[ ] under all Section 727 proceedings." Plaintiffs argue finally that Sullivan is not entitled to summary judgment on a § 1141(d)(3) cause of action because he has not proven that (1) he is continuing in business or (2) that the Plan is not a liquidating plan.

## CONSTRUCTION OF THE PLAN AND 11 U.S.C. §§ 727 AND 1141

■ The Court has already ruled in these Adversaries that "Section 1141(d)(1) speaks to when a debtor gets a discharge." Section 1141(d)(1) says that a debtor gets a discharge when a plan is confirmed, "except as otherwise provided in this subsec-

---

**3.** These theories are, in substance, identical to those appearing in Sullivan's written motions

for partial summary judgment filed April 30, 1992.

tion, in the plan, or in the order confirming the plan." We know what is "otherwise provided in this subsection": that the debtor does not get a discharge if he falls within all three prongs of § 1141(d)(3).

The debtor *also* might not get a discharge if something is "otherwise provided in the plan." What exactly is provided in Sullivan's Plan?

Much of the language in the Plan's Section 9.1 is devoted to the proposition that Sullivan and the Plaintiffs can make any arguments they like about the effects of subsections (d)(1) and (d)(3) of § 1141. The only really nonprecatory part of Section 9.1 is the first part: "The Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings." That sentence begs the question: What "Section 727 proceedings" exist for the Debtor to prevail under?

Mancuso's complaint states a claim under § 1141(d)(3), which merely *incorporates* a claim under § 727(a);[4] on the other hand, the Plan seems to refer to the Mancuso adversary as a whole as a "Section 727 proceeding." *See* Section 9.1 ("The Trustee has commenced an action under Bankruptcy Code § 727. *See A.M. Mancuso, Trustee v. John R. Sullivan,* Adversary Number 392–3070."). The complaint of FDIC and RTC states a claim exclusively under § 727(a).[5] Therefore, each of the Adversaries is, at least partially, a "Section 727 proceeding."

The Court construes Section 9.1 to mean, consistently with § 1141(d)(1), that Sullivan must survive all Section 727 proceedings

before he can receive a discharge. Whether those proceedings could be successfully prosecuted against Sullivan if there were no Plan, or whether the Section 727 allegations must ordinarily be accompanied by other components of a § 1141(d)(3) claim, is immaterial in Section 9.1. The one thing Section 9.1 says unequivocally is that "The Debtor shall not receive a discharge unless the Debtor prevails under all Section 727 proceedings." Therefore, even if Sullivan's discharge cannot be denied under § 1141(d)(3), his discharge cannot be effective under § 1141(d)(1) unless he survives all Section 727 proceedings.

■■■ This interpretation of the Plan and § 1141(d)(1) compels, in this case, the conclusion that the agreement of the parties in the Plan can alter the usual operation of the Bankruptcy Code, which makes § 727(a) unavailable against Chapter 11 debtors except through the provisions of § 1141(d)(3). Defendants cite *In re SIS Corporation,* 120 B.R. 93 (Bankr.N.D. Ohio 1990), for the proposition that § 1141(d)(3) controls over any term in a plan or confirmation order that purports to affirmatively grant a discharge. "Doesn't that rule work both ways?" asks Sullivan. The Court finds that *SIS Corporation* is not relevant here because Sullivan's Plan, unlike the one in *SIS Corporation,* does not abrogate Plaintiffs' ability to use § 1141(d)(3) to deny Sullivan's discharge. In this case of first impression, the Court cannot find anything in § 1141(d)(1) that says a discharge cannot be conditioned

---

**4.** Mancuso's complaint alleges all the elements of a cause of action under § 1141(d)(3): that Sullivan's Plan is a liquidating plan, that Sullivan will not be engaged in business following consummation of the Plan, and that Sullivan would not be entitled to a discharge under § 727(a).

**5.** FDIC and RTC's complaint does not allege the first two elements under § 1141(d)(3). Instead, the FDIC/RTC complaint describes in voluminous detail a series of misdeeds by Sullivan to state a claim under § 727(a), repeating enigmatically that "Section 727(a) is made applicable to these proceedings pursuant to § 1141 of the Bankruptcy Code." Section 1141 refers to § 727(a) *only* as an element of § 1141(d)(3), yet

FDIC and RTC conspicuously fail to allege that Sullivan will not continue in business or that Sullivan's Plan is a liquidating plan. Therefore, the Court concludes that it is subsection (d)(1) of § 1141 ("otherwise provided in the plan") that makes § 727(a) "applicable to these proceedings."

If Sullivan were not bound by the provisions of his Plan, the FDIC/RTC complaint would not state a claim on which relief could be granted. Absent the Plan, Section 727(a) alone could not provide a cause of action for denial of the discharge of a Chapter 11 debtor. 11 U.S.C. § 103(b) ("Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.")

upon a debtor's surviving a § 727 action.[6] In fact, nothing in § 1141(d)(1) forbids the conclusion that a plan can "otherwise provide" anything at all regarding the debtor's discharge. Unless the confirmation order is successfully appealed, revoked, or otherwise attacked, the provisions of the plan— whether consistent with the Bankruptcy Code or not—bind the debtor. *See Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) (confirmed plan is *res judicata* over the parties to the bankruptcy case even if the bankruptcy court exceeded its statutory authority by releasing a guarantor of the debtor).

■ In summary, before Sullivan can receive a discharge, he must "prevail" under both (1) the FDIC/RTC adversary, which is a pure § 727 proceeding that states a claim only by virtue of the operation of the Plan and § 1141(d)(1), and (2) the Mancuso adversary, which is a § 1141(d)(3) action that the Plan defines (correctly or incorrectly) as one of the "Section 727 proceedings" that Sullivan must survive. Sullivan may therefore defend himself *only* in the Mancuso adversary (but not in the FDIC/RTC adversary) by negating one of the elements necessary to prove a § 1141(d)(3) claim.

## CONCLUSION

Sullivan has requested a determination in both Adversaries that he is "entitled to a discharge" if he negates at least one element of § 1141(d)(3). Pursuant to the foregoing discussion and conclusions, the Court cannot grant that request. Even if Sullivan won summary judgment on Mancuso's complaint, he still would not be entitled to a discharge unless he prevailed in the FDIC/RTC/Plan Committee action, which does not depend on Plaintiffs' proving all three elements of § 1141(d)(3). Although the parties have fully briefed the issues of whether Sullivan is entitled to a determination that he is continuing in business or that his Plan does not provide for liquidation, the Court finds this opinion renders those issues irrelevant. If the § 727 issues (in both Adversaries) are finally resolved in favor of the Plaintiffs, Sullivan will never get a discharge; that is the import of Section 9.1 of the Plan. If they are finally resolved in favor of Sullivan, Sullivan *must* get a discharge because (1) he will have prevailed under the FDIC/RTC/Plan Committee proceeding and (2) Mancuso will have failed to prove the essential § 727(a) component of his § 1141(d)(3) claim.[7] He will have survived "all Section 727 proceedings" under the Plan as well as a § 1141(d)(3) action under the Bankruptcy Code.

An order consistent with these findings shall be entered herewith.

---

**6.** The Court presumes the parties could have decided to condition Sullivan's discharge upon his proving, or defending himself against allegations of, *any* set of facts. They apparently chose to condition Sullivan's discharge upon the Plaintiffs' failure to prove Sullivan committed the particular acts described in § 727 of the United States Bankruptcy Code.

**7.** The two Adversaries are to be tried simultaneously, so that any § 727 determination in the FDIC/RTC/Plan Committee adversary will be *res judicata* as to Mancuso. *See* note 1 *supra.*